UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MATHEWS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>E. BUSS, )<br>)<br>Respondent. ) | CAUSE NO. 3:07-CV-134 WL |

OPINION AND ORDER

Michael Mathews, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time and demotion to credit class II in case ISP 06-11-0143 on November 17, 2006 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Mathews was found guilty of possessing an unauthorized substance in violation of A112. In this petition he presents six grounds which are lettered A, B, C, D, E, and G, as well as numbered 1, 2, 3, 4, 5, and 7. It is unclear why F and 6 were omitted.

During his state appeals, Mr. Mathews raised only four grounds. He did not raise grounds D/4, E/5 or G/7. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Nevertheless, these three unexhausted claims have no merit and will be addressed anyway. 28 U.S.C. § 2254(b)(2).

First, Mr. Mathews argues that he was denied the opportunity to have a privately retained attorney represent him at the hearing and present expert testimony. The Constitution does not require that inmates be permitted the representation of counsel at a prison disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) ("[W] are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings.") Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits inmates the right to call witnesses, it is unnecessary for this court to determine whether that right extends to private attorneys because Mr. Mathews did not list the attorney as a witness when he was screened on November 8, 2006.

Second, Mr. Mathews argues that he was denied the right to present evidence. He wanted to have the unauthorized substance re-tested to demonstrate that it was laundry soap rather than cocaine. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits inmates the right to present evidence, testing is not presenting evidence – it is creating it. That is to say, no drug re-test results existed to present. What Mr. Mathews requested was that re-test results be created so that he could introduce them. Though he offered to pay for this testing, an inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.") Additionally, Mr. Mathews argues that not permitting re-testing violated prison policy. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether it was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Third, Mr. Mathews argues that he was denied due process when the DHB refused his request for a postponement. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that inmates receive advance written notice of the factual basis of the charges against them, it does not require postponements.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Again, Mr. Mathews argues that this also violated prison policy, but as previously stated, a violation of prison rules is not a basis for habeas relief.

Fourth, Mr. Mathews argues that one member of the DHB was not impartial because she was nothing more than a secretary. Though he alleges that this violates prison policy, again that presents no basis for relief here. Further, it misunderstands the requirement of impartiality. *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an impartial decision maker and this right is violated when the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) ("[I]mpartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident . . ..") Being a secretary does not demonstrate bias or impartiality, neither does it infringe due process.

Fifth, Mr. Mathews argues that he was not provided with written findings because the DHB did not discuss his request for an attorney, additional testing, and other items. This did not violate his right to due process because the fact finder is not obligated to address these additional issues.

3

> Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions. Written statements ensure both administrative accountability and meaningful review. The written statement requirement, however, is not onerous. The statement need only illuminate the evidentiary basis and reasoning behind the decision.
> We have repeatedly upheld the sufficiency of written statements that indicate only what evidence was relied on to make the decision, and why.

*Scruggs v. Jordan*, ___ F.3d. ___, ___; 2007 U.S. App. LEXIS 10790, 12-13 (7th Cir. 2007) (quotation marks and citations omitted). Here the DHB indicated that it relied on staff reports, the statement of Mr. Mathews, evidence from witnesses, the confiscation slip, a photo, the evidence record, and polytesting results. It also stated, "DHB is not responsible for item to be sent out for testing. Conduct report is clear and concise. Therefore we find him guilty." The conduct report stated,

> On 11-8-06, while shaking down the 300 range of D west, I, Ofc. K Kajer, assisted Ofc. D. Walker in cell DW-328. This cell was assigned to offender Mathews (109133). While assisting Ofc. D. Walker, I, Ofc. K Kajer, checked the offender's trash can and inside the top bag I found a small knotted baggy with a yellowish-white, powdery substance inside. I took the substance to the evidence room where it was tested by Sgt. McGinnis. He informed me that it did test positive for cocaine. The offender was given a confiscation slip as well.

These statements and explanations meet the requirements of *Wolff* and they adequately explain the basis for the finding of guilt.

Sixth (identified by Mr. Mathews as G. Ground seven), Mr. Mathews argues that the drug test system used by the prison is flawed. He states that it yields false positives and is therefore unreliable. In a habeas review of a guilty finding in a prison disciplinary case, a federal district court does not determine credibility nor weight evidence. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

4

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the test indicated that the substance found in Mr. Mathews' trash can could have been cocaine. That is some evidence that he possessed cocaine, an unauthorized substance. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

5

For the foregoing reasons, the court **DENIES** this petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: May   24   , 2007

                                         s/William C. Lee
                                        William C. Lee, Judge
                                        United States District Court